UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GRIMALDO HERNANDEZ,** <br><br> **Plaintiff,** <br><br> v. <br><br> **FEDERAL NATIONAL MORTGAGE ASSOCIATION AS TRUSTEE FOR SECURITIZED TRUST FANNIE MAE REMIC TRUST 2007-69,** *et al*. <br><br> **Defendants.** | Civ. No. 2:14-7950 (WJM) <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Grimaldo Hernandez brings this action arising out of the execution of a mortgage agreement and the subsequent foreclosure on his property.  This matter comes before the Court on Defendants' unopposed motion to dismiss for failure to state a claim.  For the reasons stated in this Opinion, the motion to dismiss will be **GRANTED.**

I.   BACKGROUND

*Pro se* Plaintiff Grimaldo Hernandez ("Hernandez") is a resident of Middlesex County, New Jersey and the alleged owner of property that is the subject of a pending foreclosure action in state court ("the State Foreclosure Action").  Defendant Bank of America, N.A. ("BANA") is the alleged holder of Plaintiff's mortgage on the subject property and is a party to the State Foreclosure Action.  The Complaint also names the Federal National Mortgage Association as Trustee for Securitized Trust Fannie Mae REMIC Trust 2007-69 ("Fannie Mae") and Mortgage Electronic Registration Systems, Inc. ("MERS") as Defendants.   Unless otherwise noted, the following facts are what Plaintiff has alleged in the Complaint.

On June 5, 2007, Hernandez executed a note ("the Note") in favor of Vertical Lend, Inc. ("Vertical") in the amount of $227,000[1] to purchase property located at 68 State Street, Perth Amboy, New Jersey (the "Property").  The Note was secured by a mortgage ("the Mortgage"), and together, the Note and the Mortgage constitute the Loan.  Exhibits to Defendants' motion to dismiss show that the Note has been re-assigned three times, leaving BANA as its current holder.  The exhibits also show that BANA is the current holder of the Note, which was previously endorsed in blank.  On June 29, 2007, Fannie Mae – who is the investor in the Loan – securitized the Loan as a derivative mortgage-backed security.[2]

On September 15, 2014, BANA brought the State Foreclosure Action in New Jersey Superior Court – Chancery Division – Middlesex County (Docket No. F-038402-14).  In response, Hernandez has brought this action seeking to, among other things, quiet title on the Property.  He argues that because the Loan was securitized, none of the Defendants own the Mortgage (or the Note) and therefore have no right to foreclose on the Property.[3]  Specifically, Hernandez argues that when a promissory note is securitized, it ceases to remain a negotiable instrument and becomes a security.  Therefore, Hernandez contends, the only possible holders of the Note are certificate holders of the relevant trust, not Defendants.

In addition to seeking to quiet title, Hernandez brings the following causes of action: declaratory relief; injunctive relief; negligence per se; accounting; breach of good faith and fair dealing; breach of fiduciary duty; wrongful foreclosure; violation of the Real Estate Settlement Procedures Act; violation of the Home Ownership Equity Protection Act; fraud; intentional infliction of emotional distress; and slander of title.  In support of these claims, Hernandez contends, among other things, that Vertical made the loan without proper due diligence; Vertical sold a deceptive loan product and never explained its inherent volatility; and the Mortgage did not comply with the Trust's Pooling and Servicing Agreement ("PSA"). Defendants now move to dismiss the Complaint pursuant to 12(b)(6).

## II.   DISCUSSION

### A. Abstention

Defendants first argue that this Court should abstain from hearing this matter under the *Younger* and/or *Colorado River* abstention doctrines.

---

[1] According to Defendants, the Mortgage named MERS as mortgagee in its capacity as nominee for Vertical and Vertical's successors and assigns.

[2] As servicer, BANA holds the Note at the behest of investor Fannie Mae.

[3] Plaintiff claims that SEC documents show that the Mortgage was securitized with other loans into Fannie Mae REMIC Trust Trust 2007-69, with Fannie Mae as trustee.

### i. *Younger* Abstention Doctrine

The *Younger* abstention doctrine requires federal courts to abstain from interfering with certain pending state proceedings. *Younger v. Harris*, 401 U .S. 37 (1971); *See also Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 180 (3d Cir. 2014). In *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584 (2013), the Supreme Court clarified that *Younger* applies in only three 'exceptional' classes of cases: (1) 'state criminal prosecutions,' (2) 'civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.' " Here, the ongoing state court foreclosure action is neither a criminal nor a civil enforcement proceeding, nor is it "uniquely in furtherance of the state court['s] ability to perform [its] judicial function[ ]." *Sprint*, 134 S.Ct. at 591 (quoting *NOPSI*, 491 U.S. at 368). Since *Sprint*, courts have declined to apply the *Younger* doctrine in the context of state foreclosure proceedings. *See Carrier v. Bank of Am., N.A.*, No. CIV. 12-104 RMB/JS, 2014 WL 356219 (D.N.J. Jan. 31, 2014) *aff'd sub nom. Carrier v. Bank of Am. NA*, 592 F. App'x 135 (3d Cir. 2015) (declining to apply Younger despite existence of pending foreclosure action); *Tucker v. Specialized Loan Servicing, LLC*, No. PWG-14-813, 2015 WL 452285 (D. Md. Feb. 3, 2015) (finding that Younger did not apply to foreclosure proceeding in light of *Sprint*). *Younger* abstention is not warranted in this case.

### ii. *Colorado River* Doctrine

The *Colorado River* doctrine governs whether a district court should stay or dismiss a federal suit pending the resolution of a parallel state court proceeding, with the goal of avoiding duplicative litigation. Abstention pursuant to *Colorado River* will be appropriate only if there is a "parallel state proceeding" raising "substantially identical claims [and] nearly identical allegations and issues." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.,* 571 F.3d 299, 307 (3d Cir. 2009) (quoting *Yang v. Tsui,* 416 F.3d 199, 204 n. 5 (2005)). Here, Defendants fail to articulate specifically how and why Hernandez's complaint raises claims and issues substantially identical to what is currently before the state court; instead they rely on a threadbare recital and superficial application of the *Colorado River* factors. *AAR Intern., Inc. v. Nimelias Enters.*, 250 F.3d 510, 520 (7th Cir. 2001) ("any doubt regarding the parallel nature of the [state] suit should be resolved in favor of exercising jurisdiction.") (citations omitted). The Court will therefore not dismiss or stay the case pursuant to *Colorado River*.

### B. Failure to State a Claim

While Defendants have not met their burden of showing that *Younger* or *Colorado River* abstention apply, the Court will nonetheless dismiss the thirteen counts in Hernandez's complaint for failure to state a claim.

### A. *Counts I (declaratory relief) and XI (fraud in the concealment)*

Although difficult to construe, Hernandez's claim for declaratory relief largely arises out of his contention that Defendants do not have the right to institute foreclosure proceedings because the mortgage was impermissibly assigned and/or securitized. A mortgagor cannot challenge the assignment of a mortgage without showing that he or she was a third-party beneficiary to the assignment. *See, e.g., Oliver v. Bank of America, N.A.*, 13-cv-4888, 2014 WL 1429605, *3 (D.N.J. Apr. 14, 2014) (citations omitted). Moreover, the securitization of a loan does not provide a plaintiff with a cause of action. *See, e.g., Upperman v. Deutsche Bank Nat'l Trust Co.*, 1:10-CV-149, 2010 WL 1610414, *3 (E.D.Va. Apr. 16, 2010). Because Hernandez is not a third-party beneficiary to any assignment and the securitization of the Loan does not provide him with a cause of action, his claim for declaratory relief is **DISMISSED WITH PREJUDICE**. Similarly, in Count XI Hernandez asserts that Defendants committed fraud in the concealment by securitizing the Loan without informing him. Again, Hernandez cannot rest a claim on the fact that his loan was securitized, especially where he does not allege that Defendants affirmatively represented that his Loan would never be packaged into a mortgage-backed security. *See, Haskins v. Moynihan*, No. CV-10-1000, 2010 WL 2691562, *2 (D. Ariz. July 6, 2010). Therefore, the fraud in the concealment claim is also **DISMISSED WITH PREJUDICE**.

### B. *Counts II (injunctive relief) and III (quiet title)*

Plaintiff's claim for injunctive relief (Count II) and quiet title (Count III) will be dismissed because they run afoul of the Anti-Injunction Act. The Anti-Injunction act provides that a federal district court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Therefore, the Act prohibits a federal court from entering an injunction that would enjoin mortgage foreclosure actions. *See, e.g*, id. at 561-62; Patrick v. America's Servicing Co. (ASC), No. 2:14-6563, 2015 WL 1759567, *4 (D.N.J. Apr. 17, 2015); *St. Clair v. Wertzberger*, 637 F.Supp.2d 251, 255 (D.N.J. 2009). Plaintiff's claim for injunctive relief asks this Court to enjoin the pending foreclosure action, while Plaintiff's quiet title claim asks the Court to enter an order prohibiting "Defendants and their successors and assigns…[from] asserting any rights, lien, title or interest in the property." (Complt. at ¶161). Because these claims run afoul of the Anti-Injunction Act, they must be **DISMISSED WITH PREJUDICE.**

### C. *Counts IV (negligence) and VII (breach of fiduciary duty)*

Hernandez's claims for negligence (Count IV) and breach of fiduciary duty (Count VII) will also be dismissed. A claim for negligence or breach of fiduciary duty can succeed only where the defendant owes the plaintiff a legal duty. *See, e.g., Strachan v. John f. Kennedy Memorial Hosp.*, 109 N.J. 523, 529 (1988); *Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988). New Jersey courts have held that a bank does not

4

owe a legal duty to a borrower. *Galayda v. Wachovia Mortg.*, FSB, No. 10-1065, 2010 WL 5392743, *13 (D.N.J. Dec. 22, 2010)(citations omitted). Because Defendants did not owe Hernandez a legal duty, his claims for negligence and breach of fiduciary duty are **DISMISSED WITH PREJUDICE**.

> D. *Counts V (accounting), VI (breach of the implied covenant of good faith and fair dealing), VIII (wrongful foreclosure), XII (intentional infliction of emotional distress), and XIII (slander of title)*

The Court will also dismiss Hernandez's claims for an accounting (Count V), breach of the implied covenant of good faith and fair dealing (Count VI), wrongful foreclosure (Count VIII), and slander of title (Count XIII). Hernandez argues that he is entitled to an accounting of the amount of money he has paid Defendants pursuant to his loan agreement because "Defendants collected monthly payments from Plaintiff without providing any consideration." (Complt. at ¶173). However, it is clear that Hernandez received a mortgage loan to purchase his home and therefore received consideration for his monthly payments. Moreover, as previously discussed, the subsequent assignment of the Mortgage does not give Hernandez a cause of action. Finally, Hernandez's loan agreement gives the lender the right to foreclose on his property if he fails to make mortgage payments. Hernandez therefore cannot show malice on the part of Defendants, which is a required element for a slander of title claim. *Rogers Carl Corp. v. Moran*, 103 N.J. Super. 163, 168 (App.Div.1968). Similarly, Hernandez cannot show that Defendants engaged in outrageous conduct, which means that his intentional infliction of emotional distress claim also fails. *See. e,g., Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 367 (1988). Nor can he maintain a claim for breach of the covenant of good faith and fair dealing. *See, e.g., Fields v. Thompson Printing Co., Inc.*, 363 F.3d 259, 271-72 (3d Cir. 2004) ("The [implied covenant] does not operate to alter the clear terms of an agreement and may not be invoked to preclude a party from exercising its express rights under such an agreement.") Consequently Counts V, VI, VIII, and XIII are **DISMISSED WITH PREJUDICE**.

> E. *Counts IX (Real Estate Settlement Procedures Act) and X (Home Ownership Equity Protection Act)*

Hernandez's claims for violations of the Real Estate Settlement Procedures Act (Count IX) and the Home Ownership Equity Protection Act (Count X) are barred by the applicable statutes of limitation. The factual allegations surrounding these claims are all based on events that occurred during or around the time when Hernandez executed the Note in 2007. The Real Estate Settlement Procedures Act has a three-year statute of limitations, 12 U.S.C. §§2605, 2614, whereas the Home Ownership Equity Protection Act has a one-year statute of limitations for damage claims and a three-year statute of limitations for rescission claims. 15 U.S.C. §§1640(e), 1635(f).[4] Therefore, Hernandez was required to

---

[4] In his complaint, Hernandez vaguely alleges that he learned of Defendants' wrongdoing only

file these claims by 2010 at the latest. Consequently Counts IX and X are **DISMISSED WITH PREJUDICE**.[5] *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (statute of limitations defense may be raised in a Rule 12(b)(6) motion to dismiss where it is clear on the face of complaint that the action is time-barred).

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. While the Court sympathizes with Hernandez and others who have lost their homes in the wake of the mortgage crisis, courts have routinely held that the type of claims asserted by Hernandez are simply not legally cognizable. Therefore, Hernandez's complaint is **DISMISSED WITH PREJUDICE**.

        /s/ William J. Martini
   **WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 26, 2015**

---

recently, and therefore any applicable statute of limitations should be tolled. Such a "conclusory allegation is the type of bald assertion or legal conclusion that the Court need not credit in deciding a motion to dismiss." *In re Shop-Vac Marketing and Sales Practices Litigation*, 964 F.Supp.2d 355, 363 (M.D.Pa. 2013)(citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 908 (3d Cir. 1997)). Moreover, in light of the substance of his allegations, the Court cannot conceive of a scenario in which Defendants' alleged wrongdoing would have been concealed from him.

[5] Moreover, Hernandez does not explain which non-real estate services Defendants charged him for in violation of the Real Estate Settlement Procedures Act.